In Re Sixto Charneco Murillo, Respondent.

No. 70.    Argued June 14, 1948.—Decided June 22, 1948.

---

*Enrique Báez García* and *Jorge L. Córdova* for respondent. *Luis Negrón Fernández, Attorney General,* and *J. Rivera Barreras, Prosecuting Attorney,* for appellee.

*Per Curiam:*

The Prosecuting Attorney has instituted a disbarment proceeding against Attorney Sixto Charneco Murillo, who has been admitted by this Court to practice in the insular courts and to act as a notary. The complaint reads in part as follows:

"*Fifth:* That the irregularities and violations of the Act establishing a Registry of Affidavits, committed by the respondent, Sixto Charneco Murillo, are as follows:

"(a) That the aforesaid Sixto Charneco Murillo, acted irregularly and in violation of the Notarial Law in correcting his Notarial Indices for the weekly periods from June 7 to 14, 1943, and from June 14 to 21 of the same year, according to a communication, dated December 28, 1943, addressed to the Judge of the District Court of Mayagüez, where the respondent practices his profession, by sending a corrected index without the previous authorization of said Court and treating the amendments suggested by him as approved without subsequently taking any step to obtain the approval of those amendments by the Judge of said Court.

"(b) That Notary Sixto Charneco Murillo, in violation of Section 5 of the Act establishing a Registry of Affidavits, in connection with Section 26 of the Notarial Law took an affidavit relating to a sworn document entitled 'Application for Amendment Permit under the Federal Alcohol Emergency Act,' executed on June 8, 1943, without including said affidavit in his Notarial Indices corresponding to the weekly period from June 7 to June 17, 1943, and without entering it in his Registry of Affidavits, thereby making it impossible to clearly determine whether the signatures of Víctor M. Ramírez, Arcadio Ra-

mírez Cuerda, and Daniel Ramírez were written in his presence at the time the affidavit was executed, that is, on June 8, 1943.

"*Sixth:* That the irregularities and violations of the Registry of Power of Attorney Act committed by the respondent, Sixto Charneco Murillo, are as follows:

"(*a*) That Notary Sixto Charneco Murillo, in violation of the Registry of Powers of Attorney Act (No. 62 of 1937) certified a General Power of Attorney, Deed No. 81, executed by Víctor M. Ramírez at Mayagüez, Puerto Rico, on June 3, 1943, and failed to send notice thereof to the Secretary of this Honorable Supreme Court.

"(*b*) That Notary Sixto Charneco Murillo certified on June 8, 1943, deed No. 85, a Power of Attorney executed by Víctor M. Ramírez, and sent notice thereof to the Secretary of the Supreme Court on June 18, 1943, that is, after more than forty-eight (48) hours had elapsed since the execution thereof.

"(*c*) That Notary Sixto Charneco Murillo certified on June 9, 1943, deed No. 88, a Power of Attorney executed by Víctor M. Ramírez, and in violation of Act No. 62, 1937, sent notice of the same to the Secretary of this Honorable Court, on June 18, 1943, that is, after more than forty-eight (48) hours had elapsed since the execution thereof.

"*Seventh:* That the irregularities and violations of the Notarial Act committed by the respondent, Sixto Charneco Murillo, are as follows:

(*a*) That in Civil Case R–5383 of the District Court of Mayagüez, *Arcadio Ramírez Cuerda* v. *Víctor M. Ramírez* and *Daniel Ramírez*, Attorney Juan Enrique Géigel, on behalf of the defendants, filed on December 13, 1945 a verified motion praying that the respondent, Sixto Charneco Murillo, be summoned to appear before said court to testify, and to bring with him the first volume of the protocol of said Notary pertaining to the year 1943, which contained deed No. 85 executed by Víctor M. Ramírez in favor of Arcadio Ramírez, and it was alleged in said motion that the said deed had been altered. That the Court ordered the witness to be summoned and the latter could not appear on the day set, as he was absent from Mayagüez, but he was finally located and he appeared before the Court, bringing with him the first volume of the protocol pertaining to the year 1943. That the court denied a request from the attorney to examine said deed, (see pp. 211 and 427 of the Transcript of the Evidence, Part II). That Attorney Palés Matos, representing the plaintiff, introduced in evidence deed No. 88, a Power of Attorney,

and requested the Court to order Mr. Torres Orama, an expert, to make an examination thereof (p. 216 of the Transcript of the Evidence, Part II), and the Court so ordered. After examining several deeds of said protocol, the expert, Mr. Torres Orama, of the Bureau of Criminal Identification and Investigation of the Insular Police, testified that deed No. 88 showed signs of having been previously detached, because the portion thereof which was attached to the protocol was of a different material than that of the deed paper (p. 473 of the Transcript of the Evidence, Part II). That afterward, at the trial of this case in the District Court of Mayagüez, Attorney Joaquín Correa Suárez, former Assistant Prosecuting Attorney of this Hon. Court, summoned the defendant to appear in his office and bring with him the first volume of the protocol for the year 1943, which contained deeds numbers 85 and 88, and the Notary appeared but did not bring with him the first volume of the protocol pertaining to the year 1943, because, as he alleged in the report submitted by him to the District Court of Mayagüez, his office had been broken into, the aforesaid volume of the requested protocol being the only one missing.

"That the respondent has been negligent and careless in the custody of said protocol, thereby causing the whereabouts of said protocol, which contains deeds numbers 1 to 120, to be unknown.

"*Eighth:* That Notary Sixto Charneco Murillo, altered the first volume of his notarial protocol pertaining to the year 1943, which contained deeds numbers 1 to 120, and ordered José Miguel Pinto, a bookbinder, to withdraw therefrom the following documents, and parts of other documents:

1. Deed number 49, executed on April 15, 1943.

2. The first two pages of deed No. 88, executed on June 9, 1943, General Power of Attorney executed by Víctor M. Ramírez.

3. The first two pages of deed No. 85, a Power of Attorney, executed in the city of Mayagüez on June 8, 1943.

4. Two pages of deed No. 86, executed in the city of Mayagüez on June 9, 1943.

5. The first four pages of deed No. 43, executed in the city of Mayagüez on April 9, 1943.

6. Page 129 of a deed of Purchase and Sale executed by a person surnamed Bonilla.

"*Ninth:* That upon said Notary, Sixto Charneco Murillo, taking the first volume of his protocol for the year 1943 to the bookbinder José M. Pinto, he directed the latter to take out certain pages which

constituted the original deeds of said volume, and gave him several pages written on notarial paper in order that the same be substituted for the ones which were taken out by the bookbinder, at his request, and the bookbinder did so pursuant to the instructions from the said notary."

Charneco has filed an amended answer which reads in part as follows:

"1. That he admits the facts alleged in the complaint.

"2. That he committed the faults referred to in the complaint, in some cases because of carelessness or negligence, and in others because of a weakness to please the clients, without thinking or being advised that his acts could prejudice any person.

"In view of the foregoing, the respondent prays this Hon. Supreme Court to decide the case as it may deem best and just and grant the respondent the largest measure of clemency which it may deem proper."

The action of the respondent in admitting the facts charged against him is a commendable one. However, the charges on their face are of such a nature that no other course is open to us than to disbar the respondent.

Judgment should be rendered disbarring the respondent and striking out his name from the roll of attorneys and notaries of this Island.

Mr. Justice De Jesús did not participate herein.